UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON P. ROACH | ) | |
| fka SHARON R. PAVLAS | ) | |
| 25976 HILLIARD BOULEVARD | ) | JUDGE |
| WESTLAKE, OH 44145 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN SPOUSE OF SHARON P. ROACH | ) | |
| fka SHARON R. PAVLAS | ) | |
| 25976 HILLIARD BOULEVARD | ) | |
| WESTLAKE, OH 44145 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BANK OF AMERICA, NA | ) | |
| C/O CT CORPORATION SYSTEM | ) | |
| 4400 EASTON COMMONS WAY | ) | |
| SUITE 125 | ) | |
| COLUMBUS, OH 43219 | ) | |
| | ) | COMPLAINT FOR |
| and | ) | FORECLOSURE |
| | ) | |
| STATE OF OHIO | ) | |
| 150 E GAY STREET | ) | |
| COLUMBUS, OH 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AAA APPLIANCE SERVICE | ) | |
| OF ELYRIA, INC. | ) | |
| 41734 GRISWOLD ROAD | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF WESTLAKE | ) | |
| 27700 HILLIARD BOULEVARD | ) | |
| WESTLAKE, OH 44145 | ) | |
| | ) | |

and                                                    )
                                                       )
CUYAHOGA COUNTY TREASURER                              )
2079 EAST 9TH STREET                                   )
CLEVELAND, OH 44115,                                   )
                                                       )
                    Defendants.                        )

1.      The United States of America is the Plaintiff in the case, based upon a claim by the

U.S. Small Business Administration (SBA), an Agency of the United States of America.

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 in that the

Plaintiff is the United States.

3.      Venue is proper since the real property subject to the foreclosure action is located

within the Northern District of Ohio, Eastern Division.

COUNT I

4.      On or about April 18, 2008, Defendant, Sharon P. Roach (fka Sharon R. Pavlas),

together with Ralph B. Roach (now deceased) (hereinafter "Borrowers") executed a U.S. Small

Business Administration Loan Authorization and Agreement ("Agreement"), a copy of which is

attached hereto as EXHIBIT A, and made a part hereof as if fully written herein.

5.      Under the Agreement, Borrowers were authorized to receive a Secured Home

Disaster Loan of up to $81,400 at 3.125% payable over thirty (30) years.  The proceeds of the

Disaster Loan was to be used to rehabilitate or replace property of the Borrowers' located at 25976

Hilliard Boulevard, Westlake, OH.

6.      On or about May 8, 2008, Borrowers executed and delivered to the SBA, a U.S.

Small Business Administration Note Secured Disaster Loan ("Note"), a copy of which is attached

hereto as EXHIBIT B, and made a part hereof as if fully written herein, whereby Borrowers promised to pay the principal amount of $81,400, plus interest on the unpaid principal balance at the rate of 3.125% per annum.  Said Note authorizes the holder of the Note to declare the entire indebtedness due and payable upon the failure to pay any part of the indebtedness when due.

7.     The Note was originally approved in the amount of $81,400.  However, at the time the disbursement period of the Note expired, the Borrowers had only utilized, and provided evidence regarding the use of the Note proceeds, in the amount of $72,000.  Therefore, on December 1, 2008, the SBA reduced the approved disaster loan amount to $72,000.

8.     The United States, acting through the SBA, is the owner and holder of said Note and the Defendant, Sharon P. Roach, is in default in the payment of installments on said Note and by reason thereof the SBA served upon Sharon P. Roach a Notice of Acceleration of Indebtedness and Demand for Payment, a copy of which is attached hereto as EXHIBIT C.

COUNT II

9.     Plaintiff incorporates herein by reference all of the allegations contained in Count I of the Complaint.

10.   Simultaneously with the execution and delivery of said Note, and in order to secure the payment of said Note, Borrowers executed and delivered to the SBA a Mortgage, a copy of which is attached hereto as EXHIBIT D and made a part hereof as if fully written herein, and is a valid lien upon the premises located at 25976 Hilliard Boulevard, Westlake, OH and further described in EXHIBIT D.

11.   Said Mortgage was duly recorded on May 27, 2008, as Cuyahoga County Recorder's File No. 200805270721.

12.  Defendant, Sharon P. Roach, has defaulted in the payment under the terms of said Note hereinbefore described.  Said Mortgage has become absolute and the United States is entitled to foreclosure of the same and the equity of redemption therein.

13.  After all payments on said Note have been properly credited, there is past due and unpaid to the United States of America, acting through SBA, from Defendant Sharon P. Roach the principal amount of $56,746.84, and interest of $4,493.70, together with interest at the rate of $4.86 per day on the principal amount, and costs as provided.  (See Certified Statement of Account, attached hereto as EXHIBIT E.)

14.  Defendant, Bank of America, NA, has or may claim a lien or interest in the hereinbefore described premises by virtue of a mortgage filed for record on November 19, 2003 as Cuyahoga County Recorder's File No. 2003111901715 (See Preliminary Judicial Report attached hereto as EXHIBIT F.)

15.  Defendant, State of Ohio, has or may claim a lien or interest in the hereinbefore described premises. (See Preliminary Judicial Report.)

16.  Defendant, AAA Appliance Service of Elyria, Inc., has or may claim a lien or interest in the hereinbefore described premises. (See Preliminary Judicial Report.)

17.  Defendant, City of Westlake, has or may claim a lien or interest in the hereinbefore described premises. (See Preliminary Judicial Report.)

18.  Defendant, Cuyahoga County Treasurer, has a lien interest in the premises for the taxes, penalties and assessments then due and payable, and interest thereon, that are or will be a lien on such land or real estate at the time the deed is transferred following the sale, as provided in Ohio Rev. Code § 323.47.

19.    Defendant, Unknown Spouse of Sharon P. Roach, if any, has or may claim an interest in the hereinbefore described premises.

WHEREFORE, the United States of America demands judgment:

a.    That the Court find Defendant, Sharon P. Roach, to be in violation of the terms of said Mortgage and that there is due and owing on said obligation the principal amount of $54,746.84, with interest of $4,493.70, together with interest at the rate of $4.86 per day from March 12, 2019 and all costs, disbursements, and expenses.

b.    That the Court find that said Mortgage of the United States is a good, valid, and subsisting lien against the premises hereinbefore described;

c.    That the Court find that the United States is entitled to the foreclosure of said Mortgage and the equity of redemption therein;

d.    That the Defendants herein named be required to set up their respective claims and liens pertaining to the premises hereinbefore described;

e.    For an order foreclosing the Mortgage and equity of redemption as set forth herein and the determining of the validity of all other claims and liens against the mortgaged premises, and subjecting the mortgaged premises to sale, free and clear of the liens and claims of the parties to this action, for the purpose of satisfying the claim of the United States;

f.    That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said real property, after proper court costs, be distributed among the owners and holders of liens against said real property in the order of priority thereof as determined by the Court; and

g.      For all further and proper relief, both legal and equitable, to which the parties hereto

may be entitled.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:     s/ Suzana K. Koch
        Suzana K. Koch (#0073743)
        Steven J. Paffilas (#0037376)
        Assistant United States Attorneys
        United States Court House
        801 W. Superior Avenue, Suite 400
        Cleveland, Ohio 44113
        Phone: (216) 622-3600
        Fax: (216) 522-4982
        Steven.Paffilas@usdoj.gov
        Suzana.Koch@usdoj.gov

        Attorneys for the United States of America

Application # 0003144004
Secured Home Disaster Loan

**U. S. Small Business Administration**

## LOAN AUTHORIZATION AND AGREEMENT

Date: <u>April 18, 2008</u>

On the above date, this Administration (SBA) authorized (under Section 7(b) of the Small Business Act, as amended) a Loan (Loan Number <u>DLH 32297360-07</u>) to <u>Ralph B Roach, Sharon R Pavlas</u> (Borrower) of <u>25976  Hilliard Bv, Westlake, OH 44145</u> in the amount of <u>Eighty-One  Thousand  Four  Hundred  And  00/100  ($81,400.00)  Dollars</u> upon the following conditions:

1.  PAYMENT TERMS

    A.  Interest will accrue at the rate of <u>3.125%</u> per annum; installment payments, including principal and interest, of <u>Three Hundred Fifty-Five And 00/100 ($355.00)</u> Dollars monthly, will begin <u>Five (5)</u> months from the date of the promissory Note.  The balance of principal and interest will be payable <u>Thirty (30) years</u> from the date of the promissory Note.

    B.  Each payment will be applied first to interest accrued to the date of receipt of each payment, and the balance, if any, will be applied to principal.

    C.  Each payment will be made when due even if at that time the full amount of the Loan has not yet been advanced or the authorized amount of the Loan has been reduced.

    D.  Interest will accrue only on funds actually advanced from the date(s) of each advance.

2.  COLLATERAL

    Borrower will provide the following collateral:

    A.  Deed of Trust/Mortgage on real estate located at <u>25976  Hilliard Boulevard, Westlake, OH,  44145</u>.  Said Deed of Trust/Mortgage to be subject only to the following:

    (1)  Trust Deed/Mortgage held by <u>Countrywide Financial, PO Box 163769, Fort Worth, TX  76161</u> with a current approximate balance of <u>$257,688.00</u>.

3.  REQUIREMENTS RELATIVE TO COLLATERAL

    A.  Borrower will submit to SBA evidence of SBA's recorded lien position and of payment of appropriate fees prior to the disbursement of Loan funds in excess of $10,000.00. Such evidence will be in a form satisfactory to SBA Counsel and will be at Borrower's expense.

    B.  Borrower will not sell or transfer any collateral described in paragraph 2 hereof without the prior written consent of SBA.

    C.  Borrower will neither seek nor accept future advances under any superior liens on the collateral securing this Loan without prior written consent of SBA.

SBA Form 1391 (5-00)                     Page 1 of 6                     Ref 50 30


GOVERNMENT EXHIBIT
A

0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

### 4. USE OF LOAN PROCEEDS

Borrower will use the proceeds of this Loan solely to rehabilitate or replace property of Borrower located at 25976 Hilliard Boulevard Westlake,OH 44145, damaged or destroyed by disaster occurring in the month of August, 2007. Borrower will apply all Loan proceeds to the following specific uses:

A. Approximately $40,000.00 to repair/replace disaster damaged personal property (excluding motor vehicles) in similar kind and quantity.

B. Approximately $41,400.00 to repair/replace disaster damaged real estate located at 25976  Hilliard Boulevard, Westlake, OH  44145.

### 5. REQUIREMENTS FOR USE OF LOAN PROCEEDS AND RECEIPTS

A. Borrower will obtain and itemize receipts (paid receipts, paid invoices or cancelled checks) and contracts for all Loan funds spent and retain these receipts for 3 years from the date of the final disbursement. Prior to each subsequent disbursement (if any) and whenever requested by SBA, Borrower will submit to SBA such itemization together with copies of the receipts.

B. Borrower will make the damaged, repaired or replacement property(ies) available to SBA for inspection and verification of the use of Loan proceeds when so requested.

C. Borrower will return to SBA, as soon as possible but not later than 1 year from the date of final disbursement, all funds received but not used for disaster repairs as authorized by the above paragraph. Funds so returned will be used to reduce the outstanding balance of this Loan and will not be applied in lieu of scheduled payments.

D. Borrower will not use any proceeds of this Loan to pay wages or any other compensation for repair work performed by Borrower or members of Borrower's immediate family, or to pay overhead or profit for repairs performed by, or materials acquired from, a business in which Borrower owns a 50% or greater interest.

E. Borrower will not use, directly or indirectly, any portion of the proceeds of this Loan to relocate without the prior written permission of SBA. The law prohibits the use of any portion of the proceeds of this Loan for voluntary relocation from the business area in which the disaster occurred. To request SBA's prior written permission to relocate, Borrower will present to SBA the reasons therefore and a description or address of the relocation site. Determinations of (1) whether a relocation is voluntary or otherwise, and (2) whether any site other than the disaster-affected location is within the business area in which the disaster occurred, will be made solely by SBA.

F. Borrower will, to the extent feasible, purchase only American-made equipment and products with the proceeds of this Loan.

G. Borrower will make any request for a loan increase for additional disaster-related damages as soon as possible after the need for a loan increase is discovered. The SBA will not consider a request for a loan increase received more than two (2) years from the date of the original Loan Authorization and Agreement unless, in the sole discretion of the SBA, there are extraordinary and unforeseeable circumstances beyond the control of the borrower.

### 6. DEADLINE FOR RETURN OF LOAN CLOSING DOCUMENTS

Borrower will sign and return the loan closing documents to SBA within 2 months of the date of this Loan Authorization and Agreement. By notifying the Borrower in writing, SBA may cancel this Loan if the Borrower fails to meet this requirement. The Borrower may submit and the SBA may, in its sole discretion, accept documents after 2 months of the date of this Loan Authorization and Agreement.

0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

7.  AGREEMENT TO REMIT AND ASSIGNMENT OF COMPENSATION FROM OTHER SOURCES

    A.  Eligibility for this disaster Loan is limited to disaster losses that are not compensated by other sources.  Other sources include but are not limited to: (1) proceeds of policies of insurance or other indemnifications, (2) grants or other reimbursement (including loans) from government agencies or private organizations, (3) claims for civil liability against other individuals, organizations or governmental entities, and (4) salvage (including any sale or re-use) of items of damaged property.

    B.  Borrower will promptly notify SBA of the existence and status of any claim or application for such other compensation, and of the receipt of any such compensation, and Borrower will promptly submit the proceeds of same (not exceeding the outstanding balance of this Loan) to SBA.

    C.  Borrower hereby assigns to SBA the proceeds of any such compensation from other sources and authorizes the payor of same to deliver said proceeds to SBA at such time and place as SBA shall designate.

    D.  SBA will in its sole discretion determine whether any such compensation from other sources is a duplication of benefits.  SBA will use the proceeds of any such duplication to reduce the outstanding balance of this Loan, and Borrower agrees that such proceeds will not be applied in lieu of scheduled payments.

8.  REQUIREMENTS FOR REAL ESTATE CONSTRUCTION OR REPAIR

    A.  Prior to disbursement of Loan funds in excess of $10,000 for real estate construction or repair, Borrower will submit evidence satisfactory to SBA that all insurance proceeds and other funds received for disaster damages to the real estate, and any other funds necessary to complete the construction/repair project, have been spent for the repair or replacement of the disaster damaged real estate.

    B.  Prior to disbursement of Loan funds in excess of $10,000 for real estate construction, Borrower will submit a copy of a valid building permit, or written evidence from proper authority that a building permit is not required.

    C.  Prior to disbursement of Loan funds in excess of $10,000 for real estate construction, Borrower will submit:

        (1)  A written construction contract covering the cost of repair/construction work satisfactory to SBA.  This contract will not exceed the amount of this Loan allocated for repair or construction of real estate, unless Borrower demonstrates the availability of any additional funds needed in excess of that amount at terms satisfactory to SBA.

        (2)  Written evidence that contractor(s) has builder's risk and workman's compensation insurance.

    Any of the above requirements may be waived in writing by and at the discretion of SBA.  Borrower will not change any of the above without the prior written consent of SBA.

    D.  Prior to any disbursement of Loan funds for real estate construction or repair, Borrower will execute and submit SBA Form 601.

    E.  Borrower will not use lead-based paint on any interior surface of any residential structure, and those exterior surfaces of residential structures such as stairs, porches, windows, and doors, which are readily accessible to children under 7 years of age.  If lead-based paint is improperly used, the Borrower will be required to remove the paint and repaint the affected area at the Borrower's expense.

    F.  Prior to disbursement of loan funds for the construction of a new building or an addition to an existing building, the borrower shall submit evidence, satisfactory to SBA, that the construction conforms to the "National Earthquake Hazards Reduction Program (NEHRP) Recommended Provisions for the Development of Seismic Regulations for New Buildings".  This evidence shall be in the form of a certificate by a licensed construction engineer, architect, or similar professional.

0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

## 9. DUTY TO MAINTAIN INSURANCE

A. Prior to disbursement of Loan funds in excess of $10,000.00, Borrower will purchase (make application and pay initial premium for) hazard insurance including fire, lightning, and extended coverage including Sewer back up coverage on the damaged property located at 25976 Hilliard Boulevard Westlake Oh 44145, in the amount equal to 80% of the insurable value of the improvements on each property or the minimum coinsurance requirement set forth in the insurance policy provided by the Borrower, whichever is greater, or such other amounts and types of coverage as SBA may require. Borrower will provide proof of such hazard insurance coverage to SBA together with an endorsement naming SBA as mortgagee or loss payee. Borrower will not cancel such coverage and will maintain such coverage throughout the entire term of this Loan. **BORROWER WILL NOT BE ELIGIBLE FOR EITHER ANY FUTURE DISASTER ASSISTANCE OR SBA FINANCIAL ASSISTANCE IF THIS INSURANCE IS NOT MAINTAINED AS STIPULATED HEREIN THROUGHOUT THE ENTIRE TERM OF THIS LOAN.**

## 10. BORROWER'S CERTIFICATIONS

Borrower certifies that:

A. There has been no substantial adverse change in Borrower's financial condition (and organization, in case of a business borrower) since the date of the application for this Loan. (Adverse changes include, but are not limited to: judgement liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)

B. No fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on SBA Form 5C, "Disaster Home Loan Application"; or SBA Form 159, "Compensation Agreement". All fees not approved by SBA are prohibited.

C. All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan.

D. No claim or application for any other compensation for disaster losses has been submitted to or requested of any source, and no such other compensation has been received, other than that which Borrower has fully disclosed to SBA.

E. Neither the Borrower nor, if the Borrower is a business, any principal who owns at least 50% of the Borrower, is delinquent more than 60 days under the terms of any: (a) administrative order; (b) court order; or (c) repayment agreement that requires payment of child support.

F. Borrower certifies that no fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on the Loan Application. All fees not approved by SBA are prohibited. If an Applicant chooses to employ an Agent, the compensation an Agent charges to and that is paid by the Applicant must bear a necessary and reasonable relationship to the services actually performed and must be comparable to those charged by other Agents in the geographical area. Compensation cannot be contingent on loan approval. In addition, compensation must not include any expenses which are deemed by SBA to be unreasonable for services actually performed or expenses actually incurred. Compensation must not include charges prohibited in 13 CFR 103 or SOP 50-30, Appendix 1. **If the compensation exceeds $500 for a disaster home loan or $2500 for a disaster business loan, Borrower must fill out the Compensation Agreement Form 159D which will be provided for Borrower upon request or can be found on the SBA website.**

G. The Borrower(s) are the owner(s) of and hold legal title to certain real estate property fully described in Section 2-- Collateral. Said premises are in my/our possession, and my/our title thereto has never been disputed or questioned as to any part thereof. Said premises are free of all mortgages, taxes, assessments, liens, encumbrances, and claims,

0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

      or interest of any other party, except as listed in Section 2 of this document. There are no actions pending affecting said real property.

## 11. CIVIL AND CRIMINAL PENALTIES

A. Criminal Penalties: Any person who knowingly makes a false statement or misrepresentation to SBA shall be subject to a fine of not more than $10,000.00 or to imprisonment for not more than 5 years, or both, under provisions of 18 U.S.C. 1001 and/or 15 U.S.C. 645.

B. Civil Penalties: Public Law 92-385 provides that for all disaster Loans made after August 16, 1972, anyone who wrongfully misapplies the proceeds of a disaster Loan shall be civilly liable to the Administrator in an amount equal to one and one-half times the original principal amount of the Loan.

## 12. RESULT OF VIOLATION OF THIS LOAN AUTHORIZATION AND AGREEMENT

A. If Borrower violates any of the terms or conditions of this Loan Authorization and Agreement, the Loan will be in default and SBA may declare all or any part of the indebtedness immediately due and payable. SBA's failure to exercise its rights under this paragraph will not constitute a waiver.

B. A default (or any violation of any of the terms and conditions) of any SBA Loan(s) to Borrower and/or its affiliates will be considered a default of all such Loan(s).

## 13. DISBURSEMENT OF THE LOAN

A. Disbursements will be made by and at the discretion of SBA Counsel, in accordance with this Loan Authorization and Agreement and the general requirements of SBA.

B. Disbursements may be made in increments as needed.

C. Other conditions may be imposed by SBA pursuant to general requirements of SBA.

D. Disbursement may be withheld if, in SBA's sole discretion, there has been an adverse change in Borrower's financial condition or in any other material fact represented in the Loan application, or if Borrower fails to meet any of the terms or conditions of this Loan Authorization and Agreement.

E. **NO DISBURSEMENT WILL BE MADE LATER THAN 6 MONTHS FROM THE DATE OF THIS LOAN AUTHORIZATION AND AGREEMENT UNLESS SBA, IN ITS SOLE DISCRETION, EXTENDS THIS DISBURSEMENT PERIOD.**

## 14. PARTIES AFFECTED

A. This Loan Authorization and Agreement will be binding upon Borrower and Borrower's successors and assigns and will inure to the benefit of SBA and its successors and assigns.

0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

15. <u>DATE</u>

    A.  This Loan Authorization and Agreement is approved and issued on <u>April 18, 2008</u>.

                                      SBA Administrator
                                      Steven C. Preston

                                      Herbert L. Mitchell
                                      Associate Administrator
                                      U.S. Small Business Administration

The undersigned agree(s) to be bound by the terms and conditions herein during the term of this Loan, and further agree(s) that no provision stated herein will be waived without prior written consent of SBA.

Ralph B. Roach                                          5-14-08
                                                      Date

Sharon R. Pavlas                                    05/14/08
                                                          Date

# ORIGINAL

| | U.S. Small Business Administration | **Date:** May 8, 2008 |
|---|---|---|
| **SBA** U.S. Small Business Administration | **NOTE** (SECURED DISASTER LOANS) | **Loan Amount:** $81,400.00 |
| | | **Annual Interest Rate:** 3.125% |

**Application # 0003144004**                    **Loan #DLH 32297360-07**

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>Eighty-One Thousand Four Hundred And 00/100</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS: A)** "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. **C)** "LoanDocuments" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of <u>$355.00</u> every month beginning <u>Five (5)</u> months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>Thirty (30) years</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor; **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or, **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

SBA FORM 147 B (5-00)


**GOVERNMENT EXHIBIT** B

0003144004/ DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

_____
Ralph B. Roach

_____
Sharon B. Pavlas

# ORIGINAL



**U.S. SMALL BUSINESS ADMINISTRATION**
200 W. SANTA ANA BLVD., STE. 180
SANTA ANA, CALIFORNIA 92701

February 8, 2017

## NOTICE OF DEFAULT & ACCELERATION OF PROMISSORY NOTE

**FIRST CLASS MAIL**

RALPH B ROACH & SHARON R PAVLAS
25976  HILLIARD BV
WESTLAKE, OH 44145

Re: SBA Loan No.:         322973-60-07

Dear  RALPH B ROACH & SHARON R PAVLAS:

The promissory note you executed on 05/08/2008, in connection with a loan made by the U.S. Small Business Administration in the original amount of $ 72,000.00, is in default because of non-payment of monthly installments of $ 313.00 including principal and interest, which became due on 10/08/2016, and on the 8th day of each subsequent month.

Because of this serious uncured breach in the terms and conditions of said Note, this Agency does hereby declare the entire balance of indebtedness as of April 12, 2018, due and payable.  The outstanding balance due is:

| | |
|---|---:|
| Principal Balance | $ 58,656.99 |
| Accrued Interest Through 4/12/18 | $    768.37 |
| Total Due SBA | $ 59,425.36 |

**Demand is hereby made upon you for payment of the entire balance due.  Should you not comply with this demand by February 22, 2017, we shall feel justified in taking such legal and other action, including foreclosure, as we may deem necessary or appropriate to protect the Government's Interest. Payment on your loan should be sent to the payment address indicated on your monthly billing statement.  There is also a faster, easier method of submitting your payment electronically by using Pay.Gov.  The Pay.Gov web address is www.pay.gov.  Pay.Gov is a secure website which can be used with a debit/credit card or payment made directly from your bank account.**

If you would like to discuss this matter, please call NDLRC, Santa Ana (855) 778-3154

Sincerely,

Central Processing Unit





**U.S. SMALL BUSINESS ADMINISTRATION**
NATIONAL DISASTER LOAN RESOLUTION CENTER
200 W. SANTA ANA BOULEVARD STE. 740
SANTA ANA, CALIFORNIA 92701

May 30, 2017

Ralph Roach and Sharon Pavlas
25976 Hilliard Blvd.
Wetlake, OH 44145

Re:  SBA Loan No.: DLH 3229736007

Dear Mr. and  Mrs. Roach:

Despite the U.S. Small Business Administration's past efforts to contact you in an attempt to arrange for a satisfactory repayment plan on your delinquent loan, you have either been unresponsive to SBA communications, have not entered into a repayment plan or have not successfully completed an approved repayment plan.  Due to the default on your loan and lack of response to the SBA's communications, the SBA has initiated preliminary foreclosure proceedings on the following property:

### 25976 Hilliard Blvd.
### Westlake, OH 44145

A current appraisal of the subject property reveals that sufficient equity exists for the SBA to foreclose on the collateral and fully satisfy this SBA loan.  The SBA currently holds a recorded lien on the subject parcel in the original amount of $72,000.00.

**TO AVOID FORECLOSURE, THE FOLLOWING OPTIONS MAY BE AVAILABLE:**

1) A lump sum repayment of the arrearages on the SBA loan, along with timely consecutive monthly payments (as would be outlined in an acceptable SBA workout arrangement usually for a 6 month period);
2) Installment repayment of the arrearages over a certain period of time (usually over a 6 month period), along with timely consecutive monthly payments (as would be outlined in an acceptable SBA workout arrangement usually for a 6 month period);
3) Consider selling the subject property to pay off or pay down the SBA loan.

To discuss this matter further, please contact me no later than 5 days after receipt of this letter. Should you not respond, the SBA will continue foreclosure proceedings on this property in order to pay this loan in full.

Sincerely,

*D. Gibbs*

Gino Garza
Loan Specialist
(714) 564-2890 - Direct
(855) 778-3154 –X-3525 Toll Free



**U.S. SMALL BUSINESS ADMINISTRATION**
NATIONAL DISASTER LOAN RESOLUTION CENTER
200 W. SANTA ANA BOULEVARD STE. 740
SANTA ANA, CALIFORNIA 92701

May 30, 2017

Ralph Roach and Sharon Pavlas
PO Box 16940
Rocky River, OH 44116-0940

Re:  SBA Loan No.: DLH 3229736007

Dear Mr. and  Mrs. Roach:

Despite the U.S. Small Business Administration's past efforts to contact you in an attempt to arrange for a satisfactory repayment plan on your delinquent loan, you have either been unresponsive to SBA communications, have not entered into a repayment plan or have not successfully completed an approved repayment plan.  Due to the default on your loan and lack of response to the SBA's communications, the SBA has initiated preliminary foreclosure proceedings on the following property:

## 25976 Hilliard Blvd.
## Westlake, OH 44145

A current appraisal of the subject property reveals that sufficient equity exists for the SBA to foreclose on the collateral and fully satisfy this SBA loan.  The SBA currently holds a recorded lien on the subject parcel in the original amount of $72,000.00.

### TO AVOID FORECLOSURE, THE FOLLOWING OPTIONS MAY BE AVAILABLE:

1) A lump sum repayment of the arrearages on the SBA loan, along with timely consecutive monthly payments (as would be outlined in an acceptable SBA workout arrangement usually for a 6 month period);
2) Installment repayment of the arrearages over a certain period of time (usually over a 6 month period), along with timely consecutive monthly payments (as would be outlined in an acceptable SBA workout arrangement usually for a 6 month period);
3) Consider selling the subject property to pay off or pay down the SBA loan.

To discuss this matter further, please contact me no later than 5 days after receipt of this letter. Should you not respond, the SBA will continue foreclosure proceedings on this property in order to pay this loan in full.

Sincerely,

D. Gibbs

Gino Garza
Loan Specialist
(714) 564-2890 - Direct
(855) 778-3154 –X-3525 Toll Free

SCANNED

DCT 2 9 2008

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS
ADMINISTRATION
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

CUYAHOGA COUNTY RECORDER
MORT 5/27/2008 3:06:82 PM    -6
**200805270721**

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS
ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

ROACH RALPH / PAVLAS SHARON
# 0003144004 Loan No. DLH 32297360-07

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

    This mortgage made and entered into this 8th day of May 2008, by and between <u>RALPH B. ROACH AND SHARON R. PAVLAS, HUSBAND AND WIFE, 25976  Hilliard Bv., Westlake, OH 44145</u> (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 801 Tom Martin Drive Suite 120, Birmingham, AL, 35211.

    **WITNESSETH**, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of <u>Cuyahoga</u>, State of <u>OH</u>.

SITUATED IN THE CITY OF WESTLAKE, COUNTY OF CUYAHOGA AND STATE OF OHIO AND KNOWN AS BEING SUBLOT NO. C-2 IN BALMORAL-HILLIARD LOT SPLIT AND ASSEMBLY PLAT NO. 2 OF PART OF ORIGINAL DOVER TOWNSHIP LOT NO. 57 AND 67 AS SHOWN BY THE RECORDED PLAT IN VOLUME 270 OF MAPS, PAGE 86 OF CUYAHOGA COUNTY RECORDS AND BEING A PARCEL OF LAND 110.45 FEET FRONT ON THE SOUTHERLY SIDE OF HILLIARD ROME AND EXTENDING BACK 265.47 FEET ON THE WESTERLY LINE, 235 FEET ON THE EASTERLY LINE AND HAVING A REAR LINE OF 95 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS. THIS IS NON TORRENS
A.P.N: 21319114
More commonly known as: 25976  Hilliard Boulevard, Westlake, OH  44145

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents; issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To

NORTHERN TITLE
FILE # 01237

NORTHERN TITLE AGENCY, INC.
19545 CENTER RIDGE RD.
ROCKY RIVER, OHIO  44116

Page 1

**GOVERNMENT
EXHIBIT**
D

Application No. / Loan No.: 0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor hereincontained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated May 8, 2008 in the principal sum of $81,400.00 and maturing on May 8, 2038.

1. The mortgagor covenants and agrees as follows:

   a. He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   b. He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

   c. He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

   d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   e. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   f. He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for

Application No. / Loan No.: 0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property

Page 3

Application No. / Loan No.: 0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders. ·

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.106 of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law. This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a

Application No. / Loan No.: 0003144004 / DLH 32297360-07
ROACH RALPH / PAVLAS SHARON

deficiency judgement after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 25976 HILLIARD BV, WESTLAKE, OH 44145 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

STATE OF _OHIO_ )
)ss.
COUNTY OF _Cuyahoga_ )

RALPH B. ROACH

SHARON R. PAVLAS

I, _Cathleen E. Seneff_
a Notary Public in and for said County and State, do hereby certify that
RALPH B. ROACH AND SHARON R. PAVLAS personally appeared before me this day and acknowledged that they signed, delivered and executed the foregoing instrument. Witness my hand and notarial seal this the _22ND_ day of _May_ , 200_8_.

**ORIGINAL**

_____
Notary Public
My Commission Expires:_____

CATHLEEN E. SENEFF
NOTARY PUBLIC, STATE OF OHIO
Recorded in _Medina_ County
My Comm Expires July 31 20 _10_

THIS INSTRUMENT PREPARED BY:
Rene Humphrey, Attorney
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243



# SMALL BUSINESS ADMINISTRATION

Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Branch
Denver, CO  80259

## CERTIFIED STATEMENT OF ACCOUNT

As of March 12, 2019
(Interest accrued on unpaid balance through above date)

Loan Number: 3229736007
Name: Ralph B Roach & Sharon R Pavlas
Address: 25976 Hilliard BLVD. Westlake, OH 44145

Total Amount Disbursed:

| | | | | |
|---|---|---|---|---|
| Loan | $ | 72,000.00 | | |
| Care and Preservation of Collateral | $ | 0.00 | | |
| Recoverable Expenses | $ | 1,145.00 | | |
| Total Amount Disbursed | | | $ | 73,145.00 |
| Less: Repayments | | | $ | 16,398.16 |
| Plus: Returned Check | | | $ | 0.00 |
| Current Principal Balance | | | $ | 56,746.84 |
| Add: Accrued Interest | | | $ | 4,493.70 |
| Total Charges Outstanding | | | $ | 61,240.54 |
| Less: Escrow Balance | | | $ | 0.00 |
| Total Indebtedness | | | $ | 61,240.54 |

Daily interest accrual on current balance: $4.86

| Date of Last Transaction | Interest Paid Through |
|---|---|
| 07/20/2018 | |

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

David Dyck, Lead Accountant
Authorized Signature and Title

03/12/2019

Date

SBA FORM 596 B (8-81)



GOVERNMENT
EXHIBIT
E

| Date | | | | | | | | | | | | | | | | Rate | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/17/2013 | 15 | $ | - | $ | 313.00 | $ | 229.85 | $ | 83.15 | $ | - | $ | 64,517.46 | $ | - | $ | 83.15 | 3.125% | 1 |
| 3/4/2013 | 46 | $ | - | $ | 626.00 | $ | 371.91 | $ | 254.09 | $ | - | $ | 64,145.55 | $ | - | $ | 254.09 | 3.125% | 1 |
| 4/23/2013 | 50 | $ | - | $ | 100.00 | $ | - | $ | 100.00 | $ | - | $ | 64,145.55 | $ | 174.60 | $ | 274.60 | 3.125% | 1 |
| 5/9/2013 | 16 | $ | - | $ | 626.00 | $ | 363.53 | $ | 87.87 | $ | 174.60 | $ | 63,782.02 | $ | - | $ | 87.87 | 3.125% | 1 |
| 7/29/2013 | 81 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 63,782.02 | $ | 129.32 | $ | 442.32 | 3.125% | 1 |
| 9/30/2013 | 63 | $ | - | $ | 626.00 | $ | 152.65 | $ | 344.03 | $ | 129.32 | $ | 63,629.37 | $ | - | $ | 344.03 | 3.125% | 1 |
| 10/8/2013 | 8 | $ | - | $ | 313.00 | $ | 269.42 | $ | 43.58 | $ | - | $ | 63,359.95 | $ | - | $ | 43.58 | 3.125% | 1 |
| 2/26/2014 | 141 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 63,359.95 | $ | 451.88 | $ | 764.88 | 3.125% | 1 |
| 6/10/2014 | 104 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 63,359.95 | $ | 703.04 | $ | 564.16 | 3.125% | 1 |
| 6/13/2014 | 3 | $ | - | $ | 939.00 | $ | 219.69 | $ | 16.27 | $ | 703.04 | $ | 63,140.26 | $ | - | $ | 16.27 | 3.125% | 1 |
| 6/17/2014 | 4 | $ | - | $ | 626.00 | $ | 604.38 | $ | 21.62 | $ | - | $ | 62,535.88 | $ | - | $ | 21.62 | 3.125% | 1 |
| 10/3/2014 | 108 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 62,535.88 | $ | 265.24 | $ | 578.24 | 3.125% | 1 |
| 10/6/2014 | -3 | $ | - | $ | 313.00 | $ | 31.70 | $ | 16.06 | $ | 265.24 | $ | 62,504.18 | $ | - | $ | 16.06 | 3.125% | 1 |
| 10/20/2014 | 14 | $ | - | $ | 313.00 | $ | 238.08 | $ | 74.92 | $ | - | $ | 62,266.10 | $ | - | $ | 74.92 | 3.125% | 1 |
| 12/9/2014 | 50 | $ | - | $ | 313.00 | $ | 46.45 | $ | 266.55 | $ | - | $ | 62,219.65 | $ | - | $ | 266.55 | 3.125% | 1 |
| 2/6/2015 | 59 | $ | - | $ | 626.00 | $ | 311.71 | $ | 314.29 | $ | - | $ | 61,907.94 | $ | - | $ | 314.29 | 3.125% | 1 |
| 4/9/2015 | 62 | $ | - | $ | 939.00 | $ | 610.38 | $ | 328.62 | $ | - | $ | 61,297.56 | $ | - | $ | 328.62 | 3.125% | 1 |
| 6/2/2015 | 54 | $ | - | $ | 626.00 | $ | 342.60 | $ | 283.40 | $ | - | $ | 60,954.96 | $ | - | $ | 283.40 | 3.125% | 1 |
| 8/28/2015 | 87 | $ | - | $ | 626.00 | $ | 171.97 | $ | 454.03 | $ | - | $ | 60,782.99 | $ | - | $ | 454.03 | 3.125% | 1 |
| 11/18/2015 | 82 | $ | - | $ | 626.00 | $ | 199.27 | $ | 426.73 | $ | - | $ | 60,583.72 | $ | - | $ | 426.73 | 3.125% | 1 |
| 1/25/2016 | 68 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 60,583.72 | $ | 39.71 | $ | 352.71 | 3.125% | 1 |
| 2/2/2016 | 8 | $ | - | $ | 313.00 | $ | 231.79 | $ | 41.50 | $ | 39.71 | $ | 60,351.93 | $ | - | $ | 41.50 | 3.125% | 1 |
| 2/10/2016 | 8 | $ | - | $ | 313.00 | $ | 271.66 | $ | 41.34 | $ | - | $ | 60,080.27 | $ | - | $ | 41.34 | 3.125% | 1 |
| 5/2/2016 | 82 | $ | - | $ | 313.00 | $ | - | $ | 313.00 | $ | - | $ | 60,080.27 | $ | 108.80 | $ | 421.80 | 3.125% | 1 |
| 5/16/2016 | 14 | $ | - | $ | 626.00 | $ | 445.19 | $ | 72.01 | $ | 108.80 | $ | 59,635.08 | $ | - | $ | 72.01 | 3.125% | 1 |
| 7/7/2016 | 52 | $ | - | $ | 313.00 | $ | 47.50 | $ | 265.50 | $ | - | $ | 59,587.58 | $ | - | $ | 265.50 | 3.125% | 1 |
| 9/8/2016 | 63 | $ | - | $ | 1,252.00 | $ | 930.59 | $ | 321.41 | $ | - | $ | 58,656.99 | $ | - | $ | 321.41 | 3.125% | 1 |
| 3/20/2017 | 193 | $ | 345.00 | $ | - | $ | - | $ | - | $ | - | $ | 59,001.99 | $ | 969.25 | $ | 969.25 | 3.125% | 2 |
| 4/13/2017 | 24 | $ | 175.00 | $ | - | $ | - | $ | - | $ | - | $ | 59,176.99 | $ | 1,090.49 | $ | 121.24 | 3.125% | 2 |
| 4/26/2017 | 13 | $ | 15.00 | $ | - | $ | - | $ | - | $ | - | $ | 59,191.99 | $ | 1,156.35 | $ | 65.86 | 3.125% | 2 |
| 4/26/2017 | | $ | - | $ | 248.40 | $ | 248.40 | $ | - | $ | - | $ | 58,943.59 | $ | 1,156.35 | $ | - | 3.125% | 2 |
| 5/10/2017 | 14 | $ | - | $ | 367.35 | $ | 367.35 | $ | - | $ | - | $ | 58,576.24 | $ | 1,227.00 | $ | 70.65 | 3.125% | 2 |
| 5/10/2017 | | $ | 15.00 | $ | - | $ | - | $ | - | $ | - | $ | 58,591.24 | $ | 1,227.00 | $ | - | 3.125% | 2 |
| 5/24/2017 | 14 | $ | - | $ | 248.40 | $ | 248.40 | $ | - | $ | - | $ | 58,342.84 | $ | 1,297.23 | $ | 70.23 | 3.125% | 2 |
| 5/24/2017 | | $ | 15.00 | $ | - | $ | - | $ | - | $ | - | $ | 58,357.84 | $ | 1,297.23 | $ | - | 3.125% | 2 |
| 6/26/2017 | 33 | $ | - | $ | 313.00 | $ | 313.00 | $ | - | $ | - | $ | 58,044.84 | $ | 1,462.11 | $ | 164.88 | 3.125% | 2 |
| 7/27/2017 | 31 | $ | - | $ | 313.00 | $ | 313.00 | $ | - | $ | - | $ | 57,731.84 | $ | 1,616.17 | $ | 154.06 | 3.125% | 2 |
| 8/31/2017 | 35 | $ | - | $ | 313.00 | $ | 313.00 | $ | - | $ | - | $ | 57,418.84 | $ | 1,789.17 | $ | 173.00 | 3.125% | 2 |
| 9/29/2017 | 29 | $ | - | $ | 313.00 | $ | 313.00 | $ | - | $ | - | $ | 57,105.84 | $ | 1,931.73 | $ | 142.56 | 3.125% | 2 |
| 11/20/2017 | 52 | $ | - | $ | 626.00 | $ | 626.00 | $ | - | $ | - | $ | 56,479.84 | $ | 2,185.97 | $ | 254.24 | 3.125% | 2 |
| 1/29/2018 | 70 | $ | - | $ | 313.00 | $ | 313.00 | $ | - | $ | - | $ | 56,166.84 | $ | 2,524.46 | $ | 338.49 | 3.125% | 2 |
| 6/20/2018 | 142 | $ | 150.00 | $ | - | $ | - | $ | - | $ | - | $ | 56,316.84 | $ | 3,207.31 | $ | 682.85 | 3.125% | 2 |
| 7/20/2018 | 30 | $ | 430.00 | $ | - | $ | - | $ | - | $ | - | $ | 56,746.84 | $ | 3,351.96 | $ | 144.65 | 3.125% | 2 |
| 7/21/2018 | 1 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | 56,746.84 | $ | 3,356.82 | $ | 4.86 | 3.125% | 2 |
| 3/12/2019 | 234 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | 56,746.84 | $ | 4,493.70 | $ | 1,136.88 | 3.125% | 2 |
| **Total** | | $ | 73,145.00 | $ | 32,893.15 | $ | 16,398.16 | $ | 14,951.01 | $ | 1,544.00 | | 56746.84 | | 4493.7 | $ | 20,957.89 | 3.125% | |

Per Diem
Interest to Date

| LISTED ABOVE IS A TRANSCRIPT OF ACCOUNT AS OF THE DATES INDICATED, TAKEN FROM THE RECORDS OF THIS AGENCY. | |
|---|---|
| AUTHORIZED SIGNATURE | DATE  03/12/19 |

**TRANSCRIPT OF ACCOUNT - SBA SERVICED, SINGLE INTEREST RATE LOAN**

RALPH B ROACH & SHARON R PAVLAS

**SBA**  U. S. Small Business Administration
Denver, CO 80259

LOAN NUMBER 3229736007  01/01/93

FBS TRANSACTIONAL DATA

| EFFECTIVE DATE | INT DAYS | DISBURSE/CPC | REMITTANCE | | | | | | | | RATE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/23/2008 | - | $10,000.00 | $ - | $ - | $ - | $ - | $10,000.00 | $ - | $ - | | 3.125% | 2 |
| 6/28/2008 | 36 | $30,000.00 | $ - | $ - | $ - | $ - | $40,000.00 | 30.82 | $ - | | 3.125% | 2 |
| 10/9/2008 | 103 | $ - | $355.00 | $ - | $352.74 | $2.26 | $40,000.00 | 28.56 | $352.74 | | 3.125% | 2 |
| 11/5/2008 | 27 | $32,000.00 | $ - | $ - | $ - | $ - | $72,000.00 | 121.03 | $92.47 | | 3.125% | 2 |
| 11/6/2008 | 1 | $ - | $400.00 | $272.81 | $6.16 | $121.03 | $71,727.19 | $ - | $6.16 | | 3.125% | 1 |
| 12/8/2008 | 32 | $ - | $380.00 | $183.49 | $196.51 | $ - | $71,543.70 | $ - | $196.51 | | 3.125% | 1 |
| 1/5/2009 | 28 | $ - | $325.00 | $153.49 | $171.51 | $ - | $71,390.21 | $ - | $171.51 | | 3.125% | 1 |
| 2/9/2009 | 35 | $ - | $325.00 | $111.07 | $213.93 | $ - | $71,279.14 | $ - | $213.93 | | 3.125% | 1 |
| 3/6/2009 | 25 | $ - | $319.00 | $160.43 | $152.57 | $ - | $71,118.71 | $ - | $152.57 | | 3.125% | 1 |
| 4/9/2009 | 34 | $ - | $363.00 | $155.98 | $207.02 | $ - | $70,962.73 | $ - | $207.02 | | 3.125% | 1 |
| 5/8/2009 | 29 | $ - | $350.00 | $173.81 | $176.19 | $ - | $70,788.92 | $ - | $176.19 | | 3.125% | 1 |
| 6/2/2009 | 25 | $ - | $350.00 | $198.48 | $151.52 | $ - | $70,590.44 | $ - | $151.52 | | 3.125% | 1 |
| 7/6/2009 | 34 | $ - | $325.00 | $119.51 | $205.49 | $ - | $70,470.93 | $ - | $205.49 | | 3.125% | 1 |
| 8/4/2009 | 29 | $ - | $325.00 | $150.03 | $174.97 | $ - | $70,320.90 | $ - | $174.97 | | 3.125% | 1 |
| 9/4/2009 | 31 | $ - | $325.00 | $138.36 | $186.64 | $ - | $70,182.54 | $ - | $186.64 | | 3.125% | 1 |
| 10/5/2009 | 31 | $ - | $325.00 | $138.73 | $186.27 | $ - | $70,043.81 | $ - | $186.27 | | 3.125% | 1 |
| 11/5/2009 | 31 | $ - | $325.00 | $139.10 | $185.90 | $ - | $69,904.71 | $ - | $185.90 | | 3.125% | 1 |
| 12/2/2009 | 27 | $ - | $325.00 | $163.41 | $161.59 | $ - | $69,741.30 | $ - | $161.59 | | 3.125% | 1 |
| 1/7/2010 | 36 | $ - | $325.00 | $110.04 | $214.96 | $ - | $69,631.26 | $ - | $214.96 | | 3.125% | 1 |
| 2/5/2010 | 29 | $ - | $325.00 | $152.11 | $172.89 | $ - | $69,479.15 | $ - | $172.89 | | 3.125% | 1 |
| 3/8/2010 | 31 | $ - | $320.00 | $135.60 | $184.41 | $ - | $69,343.55 | $ - | $184.41 | | 3.125% | 1 |
| 4/7/2010 | 30 | $ - | $325.00 | $146.89 | $178.11 | $ - | $69,196.66 | $ - | $178.11 | | 3.125% | 1 |
| 5/13/2010 | 36 | $ - | $325.00 | $111.72 | $213.28 | $ - | $69,084.94 | $ - | $213.28 | | 3.125% | 1 |
| 6/8/2010 | 26 | $ - | $325.00 | $171.22 | $153.78 | $ - | $68,913.72 | $ - | $153.78 | | 3.125% | 1 |
| 7/12/2010 | 34 | $ - | $325.00 | $124.40 | $200.61 | $ - | $68,789.32 | $ - | $200.61 | | 3.125% | 1 |
| 8/9/2010 | 28 | $ - | $325.00 | $160.09 | $164.91 | $ - | $68,629.23 | $ - | $164.91 | | 3.125% | 1 |
| 9/7/2010 | 29 | $ - | $325.00 | $154.60 | $170.40 | $ - | $68,474.63 | $ - | $170.40 | | 3.125% | 1 |
| 10/5/2010 | 28 | $ - | $325.00 | $160.85 | $164.15 | $ - | $68,313.78 | $ - | $164.15 | | 3.125% | 1 |
| 11/5/2010 | 31 | $ - | $325.00 | $143.69 | $181.31 | $ - | $68,170.09 | $ - | $181.31 | | 3.125% | 1 |
| 11/30/2010 | 25 | $ - | $325.00 | $179.09 | $145.91 | $ - | $67,991.00 | $ - | $145.91 | | 3.125% | 1 |
| 1/10/2011 | 41 | $ - | $325.00 | $86.33 | $238.67 | $ - | $67,904.67 | $ - | $238.67 | | 3.125% | 1 |
| 2/8/2011 | 29 | $ - | $325.00 | $156.40 | $168.60 | $ - | $67,748.27 | $ - | $168.60 | | 3.125% | 1 |
| 3/3/2011 | 23 | $ - | $313.00 | $179.59 | $133.41 | $ - | $67,568.68 | $ - | $133.41 | | 3.125% | 1 |
| 4/11/2011 | 39 | $ - | $313.00 | $87.39 | $225.61 | $ - | $67,481.29 | $ - | $225.61 | | 3.125% | 1 |
| 5/6/2011 | 25 | $ - | $325.00 | $180.56 | $144.44 | $ - | $67,300.73 | $ - | $144.44 | | 3.125% | 1 |
| 6/30/2011 | 55 | $ - | $626.00 | $309.09 | $316.91 | $ - | $66,991.64 | $ - | $316.91 | | 3.125% | 1 |
| 8/8/2011 | 39 | $ - | $313.00 | $89.31 | $223.69 | $ - | $66,902.33 | $ - | $223.69 | | 3.125% | 1 |
| 9/9/2011 | 32 | $ - | $313.00 | $129.71 | $183.29 | $ - | $66,772.62 | $ - | $183.29 | | 3.125% | 1 |
| 10/5/2011 | 26 | $ - | $313.00 | $164.36 | $148.64 | $ - | $66,608.26 | $ - | $148.64 | | 3.125% | 1 |
| 11/8/2011 | 34 | $ - | $313.00 | $119.11 | $193.89 | $ - | $66,489.15 | $ - | $193.89 | | 3.125% | 1 |
| 12/12/2011 | 34 | $ - | $325.00 | $131.45 | $193.55 | $ - | $66,357.70 | $ - | $193.55 | | 3.125% | 1 |
| 2/3/2012 | 53 | $ - | $626.00 | $324.89 | $301.11 | $ - | $66,032.81 | $ - | $301.11 | | 3.125% | 1 |
| 3/6/2012 | 32 | $ - | $320.00 | $139.09 | $180.91 | $ - | $65,893.72 | $ - | $180.91 | | 3.125% | 1 |
| 4/9/2012 | 34 | $ - | $313.00 | $121.19 | $191.81 | $ - | $65,772.53 | $ - | $191.81 | | 3.125% | 1 |
| 5/7/2012 | 28 | $ - | $320.00 | $162.33 | $157.67 | $ - | $65,610.20 | $ - | $157.67 | | 3.125% | 1 |
| 6/8/2012 | 32 | $ - | $325.00 | $145.25 | $179.75 | $ - | $65,464.95 | $ - | $179.75 | | 3.125% | 1 |
| 7/11/2012 | 33 | $ - | $313.00 | $128.04 | $184.96 | $ - | $65,336.91 | $ - | $184.96 | | 3.125% | 1 |
| 8/31/2012 | 51 | $ - | $313.00 | $27.71 | $285.29 | $ - | $65,309.20 | $ - | $285.29 | | 3.125% | 1 |
| 9/26/2012 | 26 | $ - | $313.00 | $167.62 | $145.38 | $ - | $65,141.58 | $ - | $145.38 | | 3.125% | 1 |
| 11/5/2012 | 40 | $ - | $313.00 | $89.91 | $223.09 | $ - | $65,051.67 | $ - | $223.09 | | 3.125% | 1 |
| 11/8/2012 | 3 | $ - | $313.00 | $296.29 | $16.71 | $ - | $64,755.38 | $ - | $16.71 | | 3.125% | 1 |
| 1/2/2013 | 55 | $ - | $313.00 | $8.07 | $304.93 | $ - | $64,747.31 | $ - | $304.93 | | 3.125% | 1 |

# SMALL BUSINESS ADMINISTRATION
Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Branch
Denver, CO 80259

## CERTIFICATE OF INDEBTEDNESS

I, David Dyck, Lead Accountant, Programmatic Accounting Branch, Denver Finance
Center, Office of the Chief Financial Officer, Small Business Administration, do hereby
certify as such officer that I have the authority to make this Certificate and that the financial
records of said Small Business Administration are under my custody including the records
which are maintained in connection with a loan to: Ralph B Roach & Sharon R Pavlas, Loan
#3229736007.

Enclosed as Exhibit "A" is a Statement of Account and Transcript of Account relating to
said loan, certified as true by David Dyck, Lead Accountant, Programmatic Accounting
Branch, Denver Finance Center, Office of the Chief Financial Officer, Small Business
Administration. Said Statement of Account and Transcript of Account are true and correct
to the best of my personal knowledge and from my examination of the books and records of
the Small Business Administration with respect to said loan, and are hereby incorporated
with and made part of this certificate.

Executed this 12th day of March, 2019

_____
David Dyck, Lead Accountant

I, Gabriella Lopez, a Notary Public in and for the State of Colorado, do hereby certify that
the above named Accountant is employed by the United States Small Business
Administration, and that such officer has custody of the official financial records of the
Small Business Administration.

My commission expires: July 31, 2022

_____
Gabriella Lopez

GABRIELLA LOPEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20184030677
MY COMMISSION EXPIRES JULY 31, 2022

Preliminary Judicial Report
(04/15/2010)

# FIRST AMERICAN TITLE INSURANCE COMPANY

PRELIMINARY JUDICIAL REPORT

**To:**  U.S. Small Business Administration
1350 Euclid Avenue Suite 211
Cleveland, OH 44115-1815

**PJ No.:** 5007339-0034247e
**Order No.:** 81118861

Pursuant to your request for a Preliminary Judicial Report (hereinafter "the Report") for use in judicial proceedings, FIRST AMERICAN TITLE INSURANCE COMPANY (hereinafter "the Company") hereby guarantees in an amount not to exceed $59,630.23 that it has examined the public records in Cuyahoga County, Ohio as to the land described in Schedule A, that the record title to the land is at the date hereof vested in:

**Sharon P. Roach**

by instrument recorded in Volume 91-2978, Page 40 and Instrument No. 201709220613  and free from all encumbrances, liens or defects of record, except as shown in Schedule B.

This is a guarantee of the record title only and is made for the use and benefit of the Guaranteed Party and the purchaser at judicial sale thereunder and is subject to the Exclusions from Coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations contained herein.

This Report shall not be valid or binding until it has been signed by either an authorized agent or representative of the Company and Schedules A and B have been attached hereto.

Effective Date:   July 9, 2018 at 7:29 am

Issued By:        First American Title Insurance Company

Signed By:        

Authorized Signatory or Agent

**GOVERNMENT EXHIBIT**
F

Preliminary Judicial Report
(04/15/2010)

# FIRST AMERICAN TITLE INSURANCE COMPANY

PRELIMINARY JUDICIAL REPORT

**PJ No.:** 5007339-0034247e
**Order No.:** 81118861

## SCHEDULE A

**Description of Land**

Situated in the City of Westlake, County of Cuyahoga and State of Ohio:

And known as being part of Sublot No. C-2 in Balmoral-Hilliard Lot Split and Assembly Plat No. 2 of part of Original Dover Township Lot No. 57 and 67, as shown by the recorded plat in Volume 270 of Maps, Page 86 of Cuyahoga County Records, and being a parcel of land 110.45 feet front on the Southerly side of Hilliard Road and extending back 265.47 feet on the Westerly line, 235 feet on the Easterly line line and having a rear line of 95 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Premises Commonly Known As: 25976 Hilliard Boulevard, Westlake , OH, 44145

Preliminary Judicial Report
(04/15/2010)

## SCHEDULE B

The matters shown below are exceptions to this Preliminary Judicial Report and the Company assumes no liability arising therefrom.

### Liens of Record

1. Mortgage from Ralph B. Roach and Sharon R. Pavlas, nbm Sharon R. Roach, husband and wife, to Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for America's Wholesale Lender in the amount of $322,000.00, dated November 12, 2003 and recorded on November 19, 2003 as Cuyahoga County Recorder's File No. 2003111901715.

   Note: The above mortgage was assigned to Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, LP FKA Countrywide Home Loan Servicing, LP

   Home Affordable Modification Agreement dated June 20, 2014 and recorded on November 21, 2014 as Cuyahoga County Recorder's File No. 201411210239.

2. Mortgage (Direct) from Ralph B. Roach and Sharon R. Pavlas, husband and wife, to Administrator of the Small Business Administration, an agency of the Government of the United States of America, in the original amount of $81,400.00, dated May 8, 2008 and recorded on May 27, 2008 as Cuyahoga County Recorder's File No. 200805270721.

   Note: Legal Description includes the dimensions of said sublot that were not recited on the last deed of record recorded as Cuyahgoa County Recorder's File No. 201709220613.

3. Certificate of Judgment in favor of the State of Ohio, against Ralph B. Roach, Jr. and Sharon Pavlas in Cuyahoga County Court Case No. ST13299857, in the amount of $11,733.51, filed for record on April 8, 2013, in Cuyahoga County Judgment Docket No. JL-13-622333, Account No._____, and Serial No. 02201014512001.

4. Certificate of Judgment in favor of the State of Ohio, against Ralph C. Roach, Jr., and Sharon Pavlas, in Cuyahoga County Court Case No. ST14347650, in the amount of $9,318.90, filed of record on August 28, 2014 in Cuyahoga County Judgment Docket No. JL-14-697614, Account No. _____, and Serial No. 02201407332542.

5. Certificate of Judgment in favor of AAA Appliance $ Service of Elyria, Inc., 41734 Griswold Road, Elyria, OH 44035, (Attorney of REcord: Kenneth P. Frankel. 110 Moore Road, PO Box 210, Avon Lake, Ohio 44012-0000, Phone 440-933-3231), against Ralph B. Roach and Sharon R. Pavlas, 25976 Hilliard Road, Westlake, OH 44145, in Rocky River Municipal Court Case No. 14 CVF 1117, in the amount of $549.80, filed or record on October 22, 2014 in Cuyahoga County Judgment Docket JL-14-712293.

6. Certificate of Judgment in favor of the State of Ohio, against Ralph B. Roach, and Shar Pavlas Roach, in Cuyahoga County Court Case No. ST15388687 amount of $7,888.09 filed of record on November 4, 2015 in Cuyahoga County Judgment Docket No. JL-15-751414, Account No. _____, and Serial No. 02201519745775.

7. Certificate of Judgment in favor of City of Westlake, C/O RITA, PO Box 470537, Broadview Heights, OH 44147, against Ralph B. Roach and Sharon R. Roach, 25976 Hilliard Boulevard, Westlake, Ohio, 44145, in Rocky River Municipal Court Case No. 16 CVI 0257, in the original amount of $2,811.43, filed for record on November 1, 2016 in Cuyahoga County Judgment Docket JL-16-787248.

**Other Exceptions of Record**

1. Oil, gas, coal and other mineral interests together with the rights appurtenant thereto whether created by deed, lease, grant, reservation, severance, sufferance or exception.

2. No search of covenants, conditions, restrictions, reservations, easements, licenses, rights of way, mineral leases or other possessory leases has been performed. Accordingly, no coverage is afforded herein for such matters, express or implied.

3. Dower interest of spouse(s) of current owners, if any.

4. Quit Claim deed from Ralph B. Roach, Jr. married to Sharon P. Roach, fka Sharon R. Pavlas, to Sharon P. Roach, by deed recorded on Cuyahoga County Recorder's File no. 20170920613.

    Note: Last Deed of reference noted is incorrect.

    Note: Deed is executed "9 day of _____ 2016" but the notary acknowledgement is dated January 28, 2017.

5. The Cuyahoga County Treasurers General Tax Duplicate Shows:

    Taxes for the Last Half of 2017 listed in the name of Sharon P. Roach , Parcel Number 213-19-114, in the amount of $4,149.80 are paid..

    Included in the above taxes are the following special assessments:

    | Nature of Assessment | Half Year |
    | --- | --- |
    | M706760C - Sidewalk | $34.16 |
    | M126752J - Delq Sewer | $93.73 |

    Taxes for the First Half of 2018 are a lien, not yet due and payable.

    Subject to any change in valuation of the Land by taxing authorities subsequent to Date of Policy which may affect the amount of taxes due in current or subsequent tax periods, or which results in additional amounts due for past periods based upon retroactive revaluation. Further subject to the right of a governmental authority to collect any transfer or conveyance tax that would have been due upon this transfer based on a non-exempt transfer of record title.

    Special taxes or assessments approved, levied or enacted by the State, County, Municipality or similar taxing authority, but not yet certified to the tax duplicate of the County in which the

Preliminary Judicial Report
(04/15/2010)

land is situated, including but not limited to reassessment and recapture by way of CAUV, Homestead or other similar programs, or retroactive increases in the valuation of the land by the State, County, Municipality, Township or other taxing authority.

6.   Note: In addition to the items shown above, premises described herein are subject to Zoning Ordinance, if any.

7.   Note: The address shown is for information only, and this policy does not guarantee the accuracy thereof.

# CONDITIONS AND STIPULATIONS OF THIS PRELIMINARY JUDICIAL REPORT

**1. Definition of Terms**

"Guaranteed Party": The party or parties named herein or the purchaser at judicial sale. "Guaranteed Claimant": Guaranteed Party claiming loss or damage here- under.

"Land": The land described specifically or by reference in Schedule A, and improvements affixed thereto, which by law constitute real property; provided however the term "land" does not include any property beyond the lines of the area specifically described or referred to in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, lanes, ways or waterways.

"Public Records": Those records under state statute and, if a United States District Court resides in the county in which the Land is situated, the records of the clerk of the United States District Court, which impart constructive notice of matters relating to real property to purchasers for value without knowledge and which are required to be maintained in certain public offices in the county in which the land is situated.

**2. Determination of Liability**

This report together with any Final Judicial Report or any Supplement or Endorsement thereof, issued by the Company is the entire contract between the Guaranteed Party and the Company.

Any claim of monetary loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest guaranteed hereby or any action asserting such claim, shall be restricted to this Report.

**3. Liability of Company**

This Report is a guarantee of the record title of the Land only, as disclosed by an examination of the Public Records herein defined.

**4. Notice of Claim to be given to Guaranteed Claimant**

In case knowledge shall come to the Guaranteed Party of any lien, encumbrance, defect, or other claim of title guaranteed against and not excepted in this Report, whether in a legal proceeding or otherwise, the Guaranteed Party shall notify the Company within a reasonable time in writing and secure to the Company the right to oppose such proceeding or claim, or to remove said lien, encumbrance or defect at its own cost. Any action for the payment of any loss under this Report must be commenced within one year after the Guaranteed Party receives actual notice that they may be required to pay money or other compensation for a matter covered by this Report or actual notice someone claims an interest in the Land covered by this Report.

**5. Extent of Liability**

The liability of the Company shall in no case exceed in all the amount stated herein and shall in all cases be limited to the actual loss, including but not limited to attorneys fees and costs of defense, only of the Guaranteed Party. Any and all payments under this Report shall reduce the amount of this Report pro tanto and the Company's liability shall terminate when the total amount of the Report has been paid.

**6. Options to Pay or Otherwise Settle Claims; Termination of Liability**

The Company in its sole discretion shall have the following options:

a. To pay or tender to the Guaranteed Claimant the amount of the Report or the balance remaining thereof, less any attorneys fees, costs or expenses paid by the Company to the date of tender. If this option is exercised, all liability of the Company under this Report terminates including but not limited to any liability for attorneys fees, or any costs of defense or prosecution of any litigation.

b. To pay or otherwise settle with other parties for or in the name of the Guaranteed Claimant any claims guaranteed by this Report.

c. To continue, re-open or initiate any judicial proceeding in order to adjudicate any claim covered by this Report. The Company shall have the right to select counsel of its choice (subject to the right of the Guaranteed Claimant to object for reasonable cause) to represent the Guaranteed Claimant and will not pay the fees of any other counsel.

d. To pay or tender to the Guaranteed Claimant the difference between the value of the estate or interest as guaranteed and the value of the estate or interest subject to the defect, lien or encumbrance guaranteed against by this Report.

**7. Notices**

All notices required to be given to the Company shall be given promptly and any statements in writing required to be furnished to the Company shall be addressed to **First American Title Insurance 114 East Fifth Street, Santa Ana, California 92701**

### EXCLUSIONS FROM COVERAGE

1. The Company assumes no liability under this Report for any loss, cost or damage resulting from any physical condition of the Land.

2. The Company assumes no liability under this Report for any loss, cost or damage resulting from any typographical, clerical or other errors in the Public Records.

3. The Company assumes no liability under the Report for matters affecting title subsequent to the date of this Report or the Final Judicial report or any supplement thereto.

4. The Company assumes no liability under this Report for the proper form or execution of any pleadings or other documents to be filed in any judicial proceedings.

5. The Company assumes no liability under this Report for any loss, cost, or damage resulting from the failure to complete service on any parties shown in Schedule B of the Preliminary Judicial Report and the Final Judicial Report or any Supplemental Report issued thereto.

Form Date 4/15/2010

## PJR EXTENDED COVERAGE ENDORSEMENT

Attached to and made a part of Preliminary Judicial Report Number **5007339-0034247e**.

Issued by: **FIRST AMERICAN TITLE INSURANCE COMPANY**.

The above-referenced Preliminary Judicial Report is amended as follows:

1. <u>Definition of Terms</u> is amended as follows:

   "Guaranteed Party": All parties to the proceedings and the purchaser at judicial sale.

5. <u>Extent of Liability</u> is amended to read as follows:

   The liability of the Company to any Guaranteed Claimant or Guaranteed Party shall in no case exceed in the aggregate the amount stated herein; however, expenditures for litigation costs and attorney's fees incurred in contesting a claim or reopening, continuing or initiating a judicial proceeding, shall not reduce the amount recoverable herein.

6. <u>Options to Pay or Otherwise Settle Claims; Termination of Liability</u>, subparagraphs (a) and (d) are amended to read as follows:

   a. To pay or tender to the Guaranteed Claimant the amount guaranteed under the Report or the balance remaining thereof. If this option is exercised, all liability of the Company under this Report terminates.

   d. To pay or tender to the Guaranteed Claimant the difference between the value of the estate or interest as guaranteed and the value of the estate or interest subject to the non-monetary defect or non-monetary encumbrance guaranteed against by this Report.

This endorsement is made a part of the preliminary judicial report referred to above, and except as modified herein, is subject to the terms and provisions thereof.

Date: 07/09/2018.

Countersigned:

BY _____
   Authorized Signatory or Agent

**UNDERWRITTEN BY:**
**FIRST AMERICAN TITLE INSURANCE**
**COMPANY**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government
  Plaintiff

- ❑ 2  U.S. Government
  Defendant

- ❑ 3  Federal Question
  *(U.S. Government Not a Party)*

- ❑ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 340 Marine | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | Injury | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | ❑ 362 Personal Injury - Medical Malpractice | | Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❑ Yes    ❑ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**    Civil Categories: (Please check  <u>one category only</u>).

    1. ☐    General Civil
    2. ☐    Administrative Review/Social Security
    3. ☐    Habeas Corpus Death Penalty

  *If under Title 28, §2255, name the SENTENCING JUDGE: _____

                    CASE NUMBER: _____

**II.**   **RELATED OR REFILED CASES.**  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

  This action:      is **RELATED** to another  **PENDING** civil case      is a **REFILED** case      was **PREVIOUSLY REMANDED**

 **If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**  In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

  ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

  (1)    **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
  <u>COUNTY:</u>
  <u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

  (2)    **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
  <u>COUNTY:</u>

  (3)    **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
  <u>COUNTY:</u>

**IV.**  The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

**<u>EASTERN DIVISION</u>**

  ☐  **AKRON**          **(Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)**
  ☐  **CLEVELAND**      **(Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,**
                            **Lorain, Medina and Richland)**
  ☐  **YOUNGSTOWN**     **(Counties: Columbiana, Mahoning and Trumbull)**

**<u>WESTERN DIVISION</u>**

  ☐  **TOLEDO**         **(Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,**
                           **Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca**
                           **VanWert, Williams, Wood and Wyandot)**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* | ) ) ) | |
| v. | ) ) | Civil Action No. |
| _____ <br> *Defendant* | ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: